IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

    Plaintiff,

v.                                                                                         No. 2:19-cv-01158-KWR-KRS

SECRETARY OF CORRECTIONS, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Plaintiff William McGhee's failure to file an amended civil rights complaint as directed. Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis.* In his original complaint, Plaintiff challenged the constitutionality of statewide prison lockdowns. (Doc. 1 at 1). He alleged the lockdowns were implemented as part of a "sophisticated scheme to steal the inmate payroll." *Id.* at 4. The prisons operate on a skeleton crew during the lockdowns. *Id.* While the remaining prisoners were furloughed from their jobs, unidentified officials allegedly stole money earmarked for inmate payroll. *Id.* at 4-5. The original complaint further alleged that during a nine-day lockdown in 2019, Plaintiff was confined to his cell while officials searched other units. *Id.* at 7. All recreational and religious programs were allegedly cancelled, and Plaintiff was unable to attend a "Kairos reunion." *Id.* at 8. Kairos is a "non-denominational religious service." *Id.* According to the original complaint, the New Mexico Department of Corrections (NMDOC) would not accept service on behalf of GEO Group, Inc. (GEO), and Plaintiff's emergency grievance was unsuccessful. *Id.* at 3, 9. The State amended NMSA § 33-2-10 ("Penitentiary; rules and regulations") in 2002, and the amendment allegedly made it more different to obtain emergency relief. *Id.*

The Court liberally construed the original complaint to raise claims for due process violations, cruel and unusual punishment, violations of the free exercise clause, and violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA).  Plaintiff sought $6,000 in damages from four Defendants: (1) NMDOC; (2) the New Mexico Secretary of Corrections; (3) GEO; and (4) Lea County Correctional Facility Warden Santiestevan.  Plaintiff also sought a judgment declaring statewide prison lockdowns are unlawful and an injunction requiring the replacement of any stolen funds.

By a ruling entered October 14, 2020, the Court screened the original complaint and determined it failed to state a cognizable claim.  (Doc. 12); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints).  Specifically, the allegations failed to show how any person was involved in the alleged wrongdoing or otherwise subject to liability.  NMDOC is "not [a] ... 'person' subject to suit under § 1983." *Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999).  Plaintiff cannot recover damages against the Secretary of Corrections in this case, and there is no basis to enter the requested injunctions. *See Wood v. Milyard,* 414 Fed. App'x 103, 105 (10th Cir. 2011).  The ruling further observed that while GEO and Warden Santiestevan can be liable under § 1983, the original complaint failed to allege those Defendants "promulgated … or possessed responsibility for the continued operation of a policy that ... caused the complained of constitutional harm."  *Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018) (addressing prison supervisors). *See also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (applying the same standard to corporate defendants).

In addition, the original complaint failed to satisfy the applicable pleading standards under § 1983.  The Court found no due process violations based on the conclusory allegations regarding

stealing payroll funds; NMDOC's failure to accept service on behalf of GEO; or the 2002 amendment to NMSA § 33-2-10.  (Doc. 12 at 5-6).  The original complaint also failed to show an Eighth Amendment violation.  There were no facts suggesting Plaintiff's lockdown conditions were objectively serious, or that any person had a sufficiently culpable state of mind.  *See Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (addressing conditions of confinement claims).  The Court finally concluded that the original complaint failed to demonstrate a violation of religious freedom under the First Amendment or the RLUIPA.  Plaintiff did not allege any prison official impinged on a sincerely held religious belief, describe how he is religious, or demonstrate a burden beyond the inability to attend one "Kairos reunion."  *See, e.g., Burnett v. Jones,* 437 Fed. App'x 736, 745–46 (10th Cir. 2011) (dismissing a free exercise claim where plaintiff's "allegations establish, at the most, a bare desire to hold group gatherings to mark religious holidays."); *Booker v. Graham*, 2020 WL 5103845, at *3 (2d Cir. Aug. 31, 2020) ("[W]e have never held that a prison has an obligation to provide religiously compliant meals during a facility-wide, safety-motivated lockdown").  For these reasons, the Court dismissed the original complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a cognizable claim.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir. 1991), the Court permitted Plaintiff to file an amended complaint within thirty days.  Plaintiff was warned that the failure to timely file an amended complaint may result in the dismissal of this case with prejudice.  The deadline to comply was November 13, 2020.  Plaintiff did not amend his pleading or otherwise respond to the Memorandum Opinion and Order.  The Court will therefore dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff William McGhee's Prisoner Civil Rights Claims (**Doc. 1**) are **DISMISSED WITH PREJUDICE**; and the Court will enter a separate judgment closing the civil case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE